IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANITA HAWKINS                                                                                    PLAINTIFF

vs.                                        Civil No. 1:20-cv-01042

COMMISSIONER, SOCIAL                                                              DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Anita Hawkins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on January 19, 2018 (DIB) and on February 3, 2018 (SSI).  (Tr. 18).  In these applications, Plaintiff alleges being disabled due to

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.  These references are to the page number of the transcript itself not the ECF page number.

bulging discs and a heart arrhythmia. (Tr. 236). Plaintiff alleges an onset date of May 1, 2016. (Tr. 18). These applications were denied initially and again upon reconsideration. (Tr. 63-102).

On August 20, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 15-35). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 20, Finding 1). The ALJ determined Plaintiff has not engaged in Substantial Gainful Activity ("SGA") since May 1, 2016, her alleged onset date. (Tr. 20, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, headaches, and depression. (Tr. 20-21, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21-23, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 23-28, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.976(b) except she can occasionally climb, balance, stoop, bend, crouch, kneel, or crawl and can perform in a work setting where interpersonal contact would be incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete.

*Id.*

The ALJ found Plaintiff was forty-eight (48) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.963(c) (2008) and 20 C.F.R. § 404.1563(c) (2008), on her

alleged disability onset date.  (Tr. 28-29, Finding 7).  The ALJ determined Plaintiff had a limited education but was able to communicate in English.  (Tr. 29, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW.  (Tr. 28, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 29, Finding 10).  Plaintiff and the VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a price marker (light, unskilled) with approximately 300,000 such jobs in the national economy and routing clerk (light, unskilled) with approximately 40,000 such jobs in the national economy.  *Id.*  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 1, 2016 (alleged onset date) through August 23, 2019 (date of the ALJ's decision).  (Tr. 30, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On June 15, 2020, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-5).  On August 19, 2020, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court of September 1, 2020.  ECF No. 8.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ's RFC determination is not supported by substantial evidence in the record because the ALJ failed to give the proper weight to the opinion of her treating physician; and (2) the ALJ's RFC determination is not supported by substantial evidence in the record because the ALJ failed to properly consider her allegations. ECF No. 17 at 1-20. Because the Court finds the ALJ erred in assessing her subjective complaints, the Court will only address Plaintiff's second argument for reversal.

The Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

(2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subject complaints. In his opinion, the ALJ summarized Plaintiff's medical

records and provided the following routine statement regarding those allegations: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence in the record for the reasons explained in this decision." (Tr. 24).

> The ALJ noted these "reasons" included the following:
>
> The claimant's statements about the intensity, persistence, and limiting effects of her symptoms are inconsistent. Although the claimant alleges she has difficulty interacting with others, she reports that she gets along with authority figures, ahs never been fired because of difficulty getting alone with others, regularly socializes with others, attends church, shops in the store, and eats out. . . .Additionally, the claimant reports she has no difficulty attending to her personal needs and grooming, preparing meals, washing dishes, doing laundry, ironing, making her bed, sweeping, dusting, or walking when she leaves the house. . . . Further, the claimant does not need reminders to take her medication or attend appointments, drives, regularly shops, manages her own finances, watches television, uses a computer, and uses social media.

(Tr. 24). Although these do qualify as "daily activities," they are certainly not as extensive as would be required to maintain full-time, competitive employment. *See Hogg v. Shalala,* 45 F.3d 276, 278-79 (8th Cir. 1995) (recognizing that the "ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive employment"). Thus, they do not supply a basis for entirely discounting Plaintiff's subjective complaints.

Based upon this review, the Court finds the ALJ supplied insufficient reasons for discounting Plaintiff's subjective complaints. Accordingly, because the ALJ provided an

insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and credibility analysis are not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of June 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE